Jason A. McNeill (9711)
  mcneill@mvmlegal.com
Eric K. Schnibbe (8463)
  schnibbe@mvmlegal.com
B. Scott Allen (15980)
  allen@mvmlegal.com
MCNEILL | VON MAACK
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Attorneys for Plaintiff Chirp Products, LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CHIRP PRODUCTS, LLC, a Utah limited liability company,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Plaintiff,** | |
| **v.** | |
| **PLEXUS YOGA LLC, a Washington limited liability company,** | |
| | **Case No.: 2:22-cv-00239-DBB** |
| **Defendant.** | **Honorable David Barlow** |

Plaintiff Chirp Products, LLC ("Plaintiff" or "Chirp") through counsel MCNEILL VON MAACK, hereby alleges and complains against Defendant Plexus Yoga LLC ("Defendant" or "Plexus") as follows:

## NATURE OF THE ACTION

1.      In this action, Plaintiff seeks injunctive and monetary relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and for violation of the Utah Unfair Competition and Practices Acts, Utah Code Ann. § 13-5-101 *et seq.*

## PARTIES

2.      Plaintiff Chirp Products, LLC is a Utah limited liability company with its principal place of business located at 2435 West 450 South, Suite 101, Pleasant Grove, UT 84062.

3.      Defendant Plexus Yoga LLC is a Washington limited liability company with its principal place of business located at 12184 South Business Park Dr., Suite A, Draper at 12500 Utah 84020.

## JURISDICTION AND VENUE

4.      This action arises under the Federal Lanham Act, 15 U.S.C. § 1125(a), 15 U.S.C. § 1119, and the Utah Unfair Competition and Practices Acts, Utah Code Ann. § 13-5-101, *et seq*.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's contacts with Utah are sufficient to create personal jurisdiction over Defendant in Utah and because a substantial part of the events giving rise to the claims in this action occurred within this District.

7.      This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of Utah, including by having its principal place of business in Utah, actively carrying on business in Utah, and entering an agreement in Utah that forms part of the basis of this action.

8.      Personal jurisdiction exists over Defendant because Defendant has an interactive website that directs customers to local retailers where Defendant's infringing product is available for purchase in Utah:



[https://gochirp.com/products/chirp-wheel-pro (last visited March 12, 2022) (red arrow added).]

9.      By clicking on the "Store Locator" hyperlink, customers are redirected to a listing of retail stores by which customers can search by zip code.  Within 25 miles of the zip code 84111, within Salt Lake City, UT, retail locations include Best Buy, Target, and Scheels.  By doing business in Utah by marketing and offering its product, which uses an infringing trademark, for sale in Utah, Defendant is thus causing harm to Plaintiff within Utah.

10.     Personal jurisdiction also exists over Defendant because Plaintiff informed Defendant of its infringing activities and Defendant has continued to use its infringing mark even after receiving notice that it was infringing on Plaintiff's trademark.  Thus, the brunt of harm

suffered by Plaintiff based on Defendant's continued and unlawful use of an infringing

trademark has been suffered by Plaintiff in Utah.

## GENERAL ALLEGATIONS

11.     Plaintiff manufactures, distributes, and sells products used in connection with

electric brushes and brush heads for cleaning, exfoliation, and ancillary massage purposes.

Plaintiff has been and continues to develop additional related products.

12.     Since at least as early as March 5, 2018, Plaintiff has used the CHIRP trademark

throughout the United States in connection with the advertising, promotion, and sale of its

products that are described in U.S. Trademark Application No. 87/820,788 (the "Chirp Products

Application") for "Electric face cleansing brush; Power-operated brush used to clean and

exfoliate the skin; Electric brush for skin care; Electric toothbrush; Electric cleaning brush for

household use; Brush head for electric face cleansing brush; Brush head for electric cleaning

brush for household use; Brush head for electric toothbrush."

13.     Plaintiff's use of the CHIRP mark resulted in the acquisition of nationwide

common law rights in the CHIRP trademark.

14.     Since at least as early as March 5, 2018, Plaintiff has invested significantly to

develop, promote, and maintain the CHIRP mark throughout the United States.

15.     Since March 5, 2018, Plaintiff has sold thousands of units of electric powered

products using the CHIRP mark nationwide, such that consumers now associate CHIRP as the

sole source of those products.

16.     As a result of substantial sales and extensive advertising and promotion, the CHIRP mark has become widely and favorably known as identifying Plaintiff's electric powered products and has become an intellectual property asset of considerable value.

17.     The CHIRP trademark was duly registered on March 10, 2020, and assigned Registration Number 6,008,485.  Registration Number 6,008,485 and the common law rights obtained through Plaintiff's use of the CHIRP mark are collectively referred to herein as the "CHIRP mark."  A true and correct copy of the Registration Certificate of the Mark is attached as Exhibit "1" and incorporated by reference.

18.     Registration Number 6,008,485 is valid and subsisting and therefore constitutes *prima facie* evidence of the validity of the Chirp mark set forth in the registration and of Plaintiff's exclusive right to use the mark in connection with the goods set forth in the registration.

19.     The registration also constitutes constructive notice to all other parties of Plaintiff's ownership of the CHIRP mark pursuant to 15 U.S.C. § 1072.

20.     Based on the substantial sales and extensive advertising of CHIRP, CHIRP has acquired secondary meaning.

21.     Plaintiff has and continues to maintain a protectable interest in the CHIRP mark by virtue of its continued use of the CHIRP mark in commerce.

<u>Defendant's First Attempt to Register Infringing Marks and the<br>Co-Existence and Mutual Consent Agreement</u>

22.     On July 23, 2018, Defendant filed an intent-to-use application (the "First Plexus Yoga Application") with the U.S. Patent and Trademark Office ("USPTO") to register the mark "CHIRP" (the "First Plexus Yoga Mark'"), including for "massage apparatus; massage mitts;

gloves for massage; massage apparatus and instruments; foot massage apparatus; massage

apparatus; electric massage apparatus for household use; electric massage appliances, namely,

electric vibrating massager; cups for use in massage therapy; massaging apparatus for personal

use; electric foot spa massagers," as described the First Plexus Yoga Application, U.S.

Trademark Application No. 88/049,055.

23.     On February 12, 2019, Plaintiff filed an opposition to the First Plexus Yoga

Application in connection with the goods alleged above in International Class 10.  Plaintiff's

opposition did not challenge registration of the First Plexus Yoga Application with respect to

other goods recited therein.

24.     In order to ensure there was no consumer confusion between Plaintiff's CHIRP

mark and the First Plexus Yoga Mark, Plaintiff and Defendant entered that certain Co-Existence

and Mutual Consent Agreement with an effective date of August 13, 2019 ("Agreement"), a true

and correct copy of which is attached as Exhibit "2" and incorporated by reference.

25.     In the Agreement, Plaintiff and Defendant agreed that the critical distinction

between Plaintiff's and Defendant's respective products necessary to avoid consumer confusion

was that Plaintiff used its CHIRP mark with goods advertised and sold that were powered and

that Defendant did not use the First Plexus Yoga Mark with powered products.  Conversely,

Defendant admitted that if it advertised and sold goods that were powered that doing so would

result in consumer confusion.

26.     As the Agreement provides:

The principal reason why the parties believe that confusion is unlikely is that the
goods advertised and sold under the Chirp Products Mark are, and will continue to
be, powered brushes, powered massagers, and other powered devices and heads
for such, whereas the goods advertised and sold under the [First] Plexus Yoga

Mark will <u>not include any powered massage</u> or brush products or accessories for such. Given the different modes of use of the parties respective products, consumers in the U.S. are unlikely to be mistaken or confused with regard to the source of those respective products.

[Agreement at 1 (emphasis added), Ex. 2.]

27.     Pursuant to Section 1 of the Agreement's Terms and Conditions, Plaintiff "agrees not to sell non-powered massage devices under the Chirp Products Mark provided that it may sell replacement heads and non-powered accessories for its powered massage and other devices." [Agreement at 2, § 1, Ex. 2.]

28.     Pursuant to Section 3 of the Agreement's Terms and Conditions, Defendant "agrees not to sell <u>any powered massage products</u> under the [First] Plexus Yoga Mark or to apply to register the Plexus Yoga Mark for <u>any electric-powered massage</u>, brush, or related products." [Agreement at 2, § 3 (emphasis added), Ex. 2.]

29.     Moreover, in Section 3 of the Agreement's Terms and Conditions, Defendant agreed to amend the First Plexus Yoga Application to expressly state that Defendant's use of the first Plexus Yoga Mark would be used with regard to products, including massage products, that are "not electric powered." Accordingly, the First Plexus Yoga Application was actually amended to state its use with the following goods:

Medical apparatus, namely, inversion tables for therapeutic purposes; massage mitts, <u>not electric powered</u>; massage chairs; massage chairs with built-in massage apparatus, <u>not electric powered</u>; gloves for massage, <u>not electric powered</u>; massage beds for medical purposes; cups for use in massage therapy, <u>not electric powered</u>; massagers in the nature of electromechanical massage mechanism for chairs; chemically activated hot and cold gel packs for medical purposes; cervical pillows for medical use; soporific pillows for insomnia; therapeutic weighted blankets; therapeutic weighted products, namely, weighted blankets, lap pads and vests designed for clinical and home use to provide proprioceptive input to the body; stretching machines for therapeutic purposes.

7

(Emphasis added.)

30.     On May 24, 2021, the USPTO served Defendant a Notice of Abandonment due to nonreceipt of a statement of use or request for extension of time to file a statement of use.

31.     Further, pursuant to Section 8 of the Agreement, the Plaintiff and Defendant agreed:

> In the event that either party materially breaches this Agreement and such breach is not cured to the reasonable satisfaction of the aggrieved party within the earlier of ten (10) business days from the date that the breaching party receives written notice of such breach from the aggrieved party … such aggrieved party shall be entitled to commence a legal and/or administrative proceeding against the other party relating to use and registration of any of the marks that are the subjects of this Agreement, and may seek an injunction requiring specific performance by the breaching party….

[Agreement at 3, § 8, Ex. 2.]

<u>Defendant's Further Attempts to Register Infringing Marks and Breach of the Agreement</u>

32.     On September 20, 2021, Defendant filed an intent-to-use application (the "Second Plexus Yoga Application") with the USPTO to register the mark "CHIRP WHEEL PRO" (the "Second Plexus Yoga Mark"), U.S. Trademark Application No. 97/035,602.

33.     On November 15, 2021, Defendant filed an amendment to the Second Plexus Application, modifying the description of Defendant's intent to use the Second Plexus Yoga mark as for "Medical apparatus, namely, spinal traction and stretching wheels to stretch the spine, reduce pressure on spinal discs, and to keep, maintain, and correct the curvature of the spine; therapeutic wheels for stretching the spine; foam massage rollers; foam rollers for use in physical therapy; massage apparatus, electric powered; massage apparatus and instruments, electric powered; foot massage apparatus, electric powered; massage apparatus, electric powered; massaging apparatus for personal use, electric powered."  The amended description

removed repeated references to "not electric powered" and replaced them with "electric powered."

34.     On December 6, 2021, Defendant filed a currently-in-use application (the "Third Plexus Yoga Application") with the USPTO to register the mark "CHIRP" (the "Third Plexus Yoga Mark"), including for "Electric massage rollers; Massage apparatus; Massage apparatus and instruments; Massaging apparatus for personal use; Foot massage apparatus," as described in the Third Plexus Yoga Application, U.S. Trademark Application No. 97/157,896.  The Third Plexus Yoga Application does not contain in its description the limitation of "not electric powered."  The Third Plexus Yoga Application asserts a first use in commerce of November 1, 2021.

35.     The Second and Third Plexus Yoga Applications have not yet been published for opposition.

36.     Defendant's Second Plexus Yoga Application was filed as intent-to-use applications because Defendant had not used the Second or Third Plexus Yoga Marks in commerce at the time Defendant filed the Second Plexus Yoga Application.

37.     The Second Plexus Yoga Mark, "CHIRP WHEEL PRO," has not acquired secondary meaning.

38.     The Third Plexus Yoga Mark, "CHIRP," has not acquired secondary meaning relative to Defendant.

39.     The Second Plexus Yoga Mark, "CHIRP WHEEL PRO," is not inherently distinctive.

40.     On or about November 1, 2021, Defendant began using its infringing Second and Third Plexus Yoga Marks (collectively, the "Infringing Marks") in commerce for the first time.

41.     Defendant has used the Infringing Marks in connection with its sale of a product named Chirp Wheel Pro through direct and third-party ecommerce platforms (such as Amazon), resellers, and distributors, which Defendant states is a massager, electric powered, including by:

- describing it as "Chirp Wheel Pro, Vibrating Foam Roller for Back Pain Relief, Muscle Therapy, and Deep Tissue Massage - 8 Inch, Black"

- providing an "[a]bout this item" description as "WARM UP BETTER, RECOVER FASTER:  The Chirp Wheel Pro features a vibrating core with 3 different power levels to increase blood flow and penetrate deeper to help muscles in your back warm up better and recover faster."

- stating that the product has "powered" vibration:



[*See* https://www.amazon.com/Chirp-Vibrating-Roller-Therapy-Massage/dp/B09PSN91N3?ref_=ast_sto_dp&th=1&psc=1, (last visited March 28, 2022).]

<u>Plaintiff Notifies Defendant of its Infringement</u>

42.    On February 16, 2022, Plaintiff sent a demand letter to Defendant notifying Defendant that it was infringing on Plaintiff's CHIRP mark by manufacturing, marketing, and selling its CHIRP WHEEL PRO (the "Demand Letter").  A true and correct copy of the demand letter is attached as Exhibit "3" and incorporated by reference.

43. The Demand Letter informed Defendant of Plaintiff's senior rights in CHIRP and demanded that Defendant immediately cease its use of the Infringing Marks.

44. Defendant refused to cease its use of the Infringing Marks.

45. Defendant has continued to use its Infringing Marks in connection with the advertising and sale of its CHIRP WHEEL PRO after receiving the Demand Letter.

46. More than ten (10) business days has elapsed from the date that Defendant received written notice of its material breaches of the Agreement pursuant to the Demand Letter.

<u>Defendant's Infringing Marks are Identical or Confusingly Similar to Plaintiff's CHIRP Mark</u>

47. Defendant's Infringing Marks are virtually identical in sight, sound, and meaning to the CHIRP mark.

48. Both Plaintiff's mark and Defendant's Infringing Marks use the word CHIRP.

49. Defendant's addition of "WHEEL PRO" does not remedy the potential confusion between the CHIRP mark and Defendant's Infringing Marks.

<u>There is a Likelihood of Confusion Between the Infringing Marks and CHIRP</u>

50. Defendant's use of the Infringing Marks is likely to cause confusion among consumers, particularly as it relates to the source, origin, or affiliation between Defendant and Plaintiffs.

51. A likelihood of confusion exists between the Infringing Marks and the CHIRP mark because the marks are virtually identical.

52. A likelihood of confusion exists between the Infringing Marks and the CHIRP mark because both Plaintiff and Defendant market and sell electric powered massage products through similar or identical commercial channels.

53.     Plaintiff markets and sells its products bearing the CHIRP mark online through such websites as www.amazon.com and https://chirpproducts.com/products/chirp.

54.     Defendant also markets and sells its products bearing the Infringing Marks through brick-and-mortar stores and online.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement – 15 U.S.C. § 1114)

55.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs.

56.     Defendant does not have authorization to use the CHIRP mark.

57.     The CHIRP mark is distinctive and entitled to protection as a trademark.

58.     The CHIRP mark has acquired secondary meaning as a result of its substantial commercial success.

59.     Plaintiff owns the CHIRP mark.

60.     Plaintiff has obtained nationwide common law rights in the CHIRP mark by virtue of its continuous use of the CHIRP mark in commerce.

61.     The CHIRP mark has been properly registered with the United States Patent and Trademark Office.

62.     Registration of the CHIRP mark constitutes prima facie evidence of the validity, ownership, and right to exclusive use of the CHIRP mark, and provides constructive notice of ownership.

63.     Plaintiff's rights in and to the CHIRP mark predate Defendant's use of the Infringing Marks.

64.     Defendant has used and continues to use the Infringing Marks in connection with the sale, offering for sale, distribution, or advertising of goods or services, including with regard to goods that compete with goods offered by Plaintiff.

65.     Defendant's continued use of the Infringing Marks is likely to cause confusion among consumers as to the source of the parties' respective goods and services.

66.     Defendant's continued use of the Infringing Marks is willful and/or in bad faith because Defendant received actual notice of Plaintiffs' ownership and senior rights to the CHIRP mark.

67.     As a direct and proximate result of Defendant's unauthorized use of the Infringing Marks, Plaintiff has suffered irreparable harm and damages in an amount to be proven at trial.

68.     Plaintiff is entitled to an injunction prohibiting Defendant from further using the Infringing Marks.

69.     Plaintiff is entitled to recover the profits Defendant has derived in connections with its unauthorized use of the Infringing Marks.

70.     Plaintiff is entitled to recover their damages incurred as a result of Defendant's unauthorized use of the Infringing Marks.

71.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover the attorney fees and costs incurred in pursuing this claim because this is an exceptional case.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition under 15 U.S.C. § 1125)**

72.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs.

73.     This is a claim for unfair competition, arising from Defendant's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     Defendant's conduct also constitutes an attempt to trade on the goodwill that Plaintiff has developed in the CHIRP mark.

75.     By its conduct, Defendant has caused Plaintiff irreparable harm, damage, and injury, including to the value and goodwill of Plaintiff's CHIRP mark, as well as to Plaintiff's business, goodwill, and reputation.

76.     Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

77.     Plaintiff has no adequate remedy at law.

78.     Such actions of Defendant constitute unfair competition and are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Upon information and belief, Defendant's conduct is part of a deliberate plan to trade on the valuable goodwill established therein and was done for the intentional purpose of misleading the public into believing that Defendant's products are in some way sponsored by, affiliated with or connected to the Plaintiff's products advertised and sold under the CHIRP mark, all of which are contrary to fact and irreparably harmful to Plaintiff's reputation and good will it has developed.

80.     Plaintiff has been and will continue to be irreparably harmed by Defendant's conduct unless this Court enjoins Defendant from its unlawful conduct pursuant to 15 U.S.C. § 1116.

81.     As a result of Defendant's deliberate and willful conduct, Plaintiff is entitled to damages, Defendant's profits, attorney fees and costs, and any and all other relief authorized by 15 U. S. C. § 1117.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Trademark Invalidity)

82.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs.

83.     As set forth herein, Plaintiff is the senior user of the CHIRP trademark for electric powered massage products, having established nationwide use of the CHIRP mark in commerce prior to Defendant's earliest priority date and properly registering the CHIRP mark with the United States Patent and Trademark Office, with Registration Number 6,008,485.

84.     A real and justiciable controversy exists between the parties based on Defendant's continued use of its confusingly similar Infringing Marks and Defendant's right to use the Infringing Marks vis-à-vis Plaintiff's senior rights in and to the CHIRP mark.

85.     Due to Plaintiff's prior and senior rights to the CHIRP mark for electric powered massage products in the United States, any purported trademarks in the Infringing Marks owned by Defendant are invalid pursuant to 15 U.S.C. § 1052(d) and other applicable law.

86.     As a result, Plaintiff is entitled to a declaration that Defendant's Infringing Marks are invalid and Plaintiff has prior and senior rights to the CHIRP mark for electric powered massage products in the United States, pursuant to 28 U.S.C. §§ 2201 and 2202.

**FOURTH CLAIM FOR RELIEF**
**(Unfair Competition under Utah Code Ann. § 13-5a-101, *et seq.*)**

87.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs.

88.     Plaintiff has obtained nationwide common law rights in the CHIRP mark by virtue of its nationwide use of the CHIRP mark in commerce.

89.     The CHIRP mark is owned by Plaintiff.

90.     Defendant has used and continues to use the Infringing Marks in connection with the sale, offering for sale, distribution, or advertising of goods or services that are virtually identical to Plaintiff's products.

91.     Defendant's use of the Infringing Marks is not authorized and is likely to cause confusion between the CHIRP mark and the Infringing Marks.

92.     By reason of the foregoing, Defendant has engaged in unfair competition as defined by Utah Code Ann. § 13-5a-103.

93.     As a direct and proximate result of Defendant's unauthorized use of the Infringing Marks and unfair competition, Plaintiff has suffered damages in an amount to be proven at trial.

94.     Defendant's actions constitute willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and disregard of, the rights of Plaintiffs, which are therefore entitled to an award of punitive damages pursuant to Utah Code §§ 78B-8-201 and 13-5a-103.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract)

95.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs.

96.    The Agreement is a valid and enforceable contract between Plaintiff and Defendant.

97.    Plaintiff performed all of its obligations under the Agreement.

98.    Defendant has materially breached the Agreement, including by the marketing and sale of the Chirp Wheel Pro, submitting the Second Plexus Yoga Application to the USPTO, and submitting the Third Plexus Yoga Application to the USPTO.

99.    Defendant's breaches have directly and proximately caused Plaintiff to suffer actual and consequential damages in an amount to be proven at trial.

100.    Plaintiff is entitled to an injunction mandating Defendant's specific performance of the Agreement and prohibiting Defendant from further using the Infringing Marks.

101.    Plaintiff is entitled to interest, costs, and expenses, including reasonable attorney fees.

## SIXTH CLAIM FOR RELIEF
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

102.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs.

103.    Plaintiff performed all conditions and obligations under the Agreement as alleged above.

104.    Defendant is obligated not to destroy or injure Plaintiff's right to receive the fruits of the Agreement.

105.    Defendant repeatedly and purposefully induced Plaintiff into conduct performed pursuant to the Agreement, including withdrawing its opposition to the First Plexus Yoga Application.

106.    Defendant deliberately submitted the Second Plexus Yoga Application and Third Plexus Yoga Application and using the Infringing Marks in connection with its Chirp Wheel Pro product.

107.    Defendant's conduct was not in good faith, and is inconsistent with the agreed common purposes of the Agreement and Plaintiff's justified expectations.

108.    As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount to be proven at trial.

109.    Plaintiff is entitled to interest, costs, and expenses, including reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1.    Grant permanent injunctive relief enjoining Defendant and each of its principals, directors, agents, servants, employees, successors, and assigns, and all those in privity, concert, or participation with them, from:

       a.       imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the CHIRP mark, or any mark confusingly similar to the CHIRP mark, including but not limited to the Infringing Marks;

       b.       using any unauthorized copy or colorable imitation of the CHIRP mark, including but not limited to the Infringing Marks, or using any false designation of origin or description, in such fashion as is likely to relate or connect Defendant with Plaintiff or cause confusion;

       c.       engaging in any other activity constituting unfair competition or infringement of the CHIRP mark or Plaintiff's rights in, or to use, or to exploit the same; and

       d.       assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (a) – (c) above.

2.       Find that Defendant is liable for the causes of action alleged against it in this Complaint.

3.       Grant an order requiring Defendant and its principals, directors, agents, servants, employees, successors, and assigns, and all those in privity, concert, or participation with Defendant who receive actual notice of said order to deliver up, or at Plaintiff's election certify, the destruction of all promotional, advertising, product, packaging, and any other materials of any kind bearing the Infringing Marks and any other mark confusingly similar to the CHIRP mark.

4.       Award to Plaintiff monetary damages in an amount to be fixed by the Court in its discretion as just including, but not limited to, all of the Defendant's profits or gains of any kind resulting from Defendant's willful infringement and/or acts of unfair competition, and any

damages Plaintiff suffered as a result of Defendant's actions, said damages to be trebled, and Plaintiff's costs, exemplary damages, and reasonable attorney fees in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a)-(b), and applicable common law, state statute and federal law, including Utah Code Ann. §§ 13-5-14, 13-11-19, and 13-11a-4.

5.      At Plaintiff's election at any time prior to judgment in this matter, award to Plaintiffs instead of actual damages, statutory damages as permitted under 15 U.S.C. § 1117(d).

6.      Direct the USPTO to cancel any registration by Defendant of the Infringing Marks.

7.      Order Defendant to conduct corrective advertising sufficient to inform the consuming public that there is no connection between Plaintiff and Defendant.

8.      Award Plaintiff their attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

9.      Award Plaintiff pre- and post-judgment interest on any monetary award made part of the judgment against Defendant.

10.     Grant to Plaintiff such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all matters herein so triable.

DATED this 6th day of April 2022.

MCNEILL | VON MAACK

Jason A. McNeill
Eric K. Schnibbe
B. Scott Allen

*Attorneys for Plaintiff Chirp Products, LLC*